REQUESTED BY: Dennis D. Ring, Sheridan County Attorney
You have asked for our opinion on two matters related to the holding and detention of juveniles:
QUESTION 1: May the county of Sheridan and the Sheridan County Sheriff's Office transport juveniles across the Nebraska-South Dakota state line for holding and detention in the Rapid City, South Dakota, Juvenile Detention Facility?
ANSWER: Yes.
QUESTION 2: If such a transfer is permissible under state and federal law, what agreements, waivers, consents or other documents are necessary to accomplish this objective?
ANSWER: The written consent of the juvenile or the juvenile's guardian ad litem should be obtained. The county also should secure a waiver of extradition/rendition. The placement should not be made until the juvenile has appeared before a judge and should be made by order of the court. Sheridan County should also have a written agreement with the South Dakota Juvenile Detention Facility, in which the facility assures that it will comply with all federal mandates and with the provisions of the Interstate Compact on Juveniles and the Interstate Compact for the Placement of Children.
DISCUSSION
In general, a person who commits a crime in the state of Nebraska cannot be transported out of the state involuntarily for pretrial detention or upon conviction of the crime.
Neb. Rev. Stat. § 29-1001 (1989) provides:
 "Whenever it shall be lawful and necessary to confine any prisoner in custody previous to conviction upon a criminal accusation, or in custody for contempt or alleged contempt of court, or upon an attachment by order of a court of judge, or otherwise in lawful custody, or upon conviction for any offense, the officer or person having him in such custody may convey him to and confine him in the jail of any county in this state, or other secure and convenient place of confinement in this state, to be procured by such officer or person having such person in custody." [Emphasis added].
Article I, section 15 of the Nebraska constitution provides: "[N]or shall any person be transported out of the state for any offense committed within the state." Because of this constitutional provision, Nebraska's Interstate Corrections Compact deviates from the model act, with the addition of Article XI, requiring that an "inmate must request a transfer in writing before such a transfer can be made" under the Compact.
Nebraska's Interstate Compact on Placement of Children does provide for the interstate placement of juveniles who have been adjudicated delinquent. Neb. Rev. Stat. § 43-1101, Article IV, (1993). It does not specify that the juvenile must consent to the transfer. That compact does not make specific provision for the interstate placement of juveniles for preadjudication detention, however.
Nebraska's juvenile code appears to allow flexibility for the preadjudication placement of juveniles, as long as the placement is ordered by a court. Neb. Rev. Stat. § 43-250 (3) (1993) provides:
 "The officer shall take such juvenile without unnecessary delay before the juvenile court. . . ."
Neb. Rev. Stat. § 43-251 (1993) provides:
 "When a juvenile is taken into custody pursuant to sections 43-248 and 43-250, the court or magistrate may take any action for preadjudication placement or detention prescribed in the juvenile code. . . ."
Neb. Rev. Stat. § 43-254 (1993) provides:
 "Pending the adjudication of any case, if it appears that the need for placement or further detention exists, the juvenile may be (1) placed or detained a reasonable period of time on order of the court in the temporary custody of either the person having charge of the juvenile or some other suitable person, (2) kept in some suitable place provided by the city or county authorities. . ."
Nebraska's juvenile code does not specify that the detention must occur in the state of Nebraska.
Although we conclude that interstate placements can be made for the detention of juveniles who have not yet been adjudicated delinquent, we recommend that the placements only be made upon order of a court. We also recommend that your office obtain a consent and waiver of extradition/rendition from the juvenile or the juvenile's guardian ad litem, if one has been appointed. The waiver should be signed before the judge. Finally, we recommend that you have a written agreement with the South Dakota Juvenile Detention Facility, offering assurance to Sheridan County that the facility is in fact operating in compliance with federal mandates [e.g. 42 U.S.C. § 5633], the Interstate Compact on Juveniles [Neb. Rev. Stat. §§ 43-1001 et seq. (1993)1 and the Interstate Compact on the Placement of Children. [Neb. Rev. Stat. §§ 43-1101 et seq. (1993)].
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
Approved by:
Don Stenberg 
Attorney General